

FILED
JUL 0 2 2015
Clerk, U.S. District Court
District Of Montana
Helena

Brian Bramblett, Special Assistant Attorney General
Anne Yates, Special Assistant Attorney General
Montana Department of Natural Resources and Conservation
1625 11th Avenue
Helena, MT 59601
(406) 444-9758
bbramblett@mt.gov
ayates@mt.gov

Bill Schenk, Special Assistant Attorney General
Montana Department of Fish, Wildlife and Parks
PO Box 200701
Helena, MT 59620-0701
406-444-3312
bshenk@mt.gov

Dale Schowengerdt, Solicitor General
Alan Joscelyn, Chief Deputy Attorney General
Office of the Attorney General
215 North Sanders
Helena, MT 59620-1401
(406)444-2026
ajoscelyn@mt.gov
dales@mt.gov

*Attorneys for Proposed Amicus Curiae State of Montana*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| DEFENDERS OF WILDLIFE; and NATURAL RESOURCES DEFENSE COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; UNITED STATES BUREAU OF RECLAMATION; and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>Defendants, | CV-15-14-GF-BMM<br><br>**STATE OF MONTANA'S BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF** |

and

LOWER YELLOWSTONE
IRRIGATION PROJECT BOARD OF
CONTROL, SAVAGE IRRIGATION DISTRICT,
AND INTAKE IRRIGATION DISTRICT,
                Defendant-Intervenors.

The State of Montana ("State"), by and through the Montana Department of Natural Resources and Conservation ("DNRC"), the Montana Department of Fish, Wildlife and Parks ("FWP"), and the Office of the Attorney General, hereby files its *Brief in Support of Unopposed Motion for Leave to File Amicus Brief* and requests that the Court grant leave to the State to file an amicus brief in this matter on the issue of whether a preliminary injunction should issue in this case.

This case concerns the validity of the United States Department of Army Corps of Engineers (" USACE "), United States Bureau of Reclamation ("BOR"), and United States Fish and Wildlife Service's (USFWS) administrative process and decision to implement the Bypass Channel Alternative to provide fish passage for pallid sturgeon at the Intake Diversion on the Yellowstone River in Montana. On June 17, 2015, Plaintiffs' filed a *Motion for Preliminary Injunction* in which they seek to enjoin the USACE and BOR from proceeding with construction and development of the Bypass Channel Alternative for the Intake Dam project. The State opposes the Plaintiffs' *Motion for Preliminary Injunction*.

The State supports the Bypass Channel Alternative as a viable means to secure water for beneficial use and provide effective fish passage for pallid sturgeon contingent upon the USACE and BOR's continued commitment to the success of the project in achieving these goals. BOR 3291-3294.

As explained below, the State's interest in this matter arises from constitutional, statutory and public policy responsibilities to Montana citizens pertaining to water and fishery resources management in the Missouri and Yellowstone River basins. An amicus brief is desirable and relevant in this matter because the State's interest in water and fishery resources management in the Missouri and Yellowstone River basins for the benefit of its citizens along with its involvement in planning for pallid sturgeon recovery provide a unique perspective not currently represented by the parties in this case.

## I. THE STATE'S INTEREST IN THIS MATTER

The Yellowstone River flows 692 miles from the Wyoming border at Yellowstone National Park through Montana before discharging into the Missouri River approximately 190 miles below Fort Peck Dam. The River supports a diverse ecosystem, provides a source of water for a variety of beneficial uses, and is the lifeblood for communities along its course. The Lower Yellowstone Irrigation Project, which diverts water from the Yellowstone River at the Intake Dam, provides a stable source and supply of water for over 55,000 acres of

irrigation along with other beneficial uses served by the project. BOR 3291-3294. The impacts of federal activities and pallid sturgeon recovery efforts on both water and fishery resources in the Yellowstone River and Missouri River basins are not only of interest to the State, but are of paramount importance to the DNRC and FWP's management obligations to the citizens of Montana.

The DNRC has broad statutory mandates to promote the conservation, development, and beneficial use of Montana's water resources for its citizens. Pursuant to Article IX of the Montana Constitution and the Montana Water Use Act, all water within Montana is the property of the state for the use of its citizens and is subject to appropriation for beneficial uses as provided for by Montana law. Mon. Const. Art. IX, § 3; §§85-2-101 and – 201, MCA. Montana public policy promotes:

> the wise use of the state's water resources by making them available for appropriation consistent with this chapter and to provide for the wise utilization, development, and conservation of the waters of the state for the maximum benefit of its people with the least possible degradation of the natural aquatic ecosystems.

§85-2-101(3), MCA.

The DNRC is the administrative agency tasked with exercise of the State's sovereign powers over Montana's water resources in a manner consistent with the broad public policy prescribed by law so as to effect the full utilization, conservation, and protection of Montana's water resources. §85-1-101, MCA. In

doing so, the DNRC is required to cooperate with, assist, advise, and coordinate plans and activities related to water resource management and development of works for the conservation, distribution and utilization of water with federal, state, and local agencies. §§85-101(6)-(7) and 85-2-112(4), MCA. To this end, the DNRC has been engaged in representation of the State's interests in all water resource related activities in the Missouri and Yellowstone River basins including studies and planning efforts related to water resource management and pallid sturgeon recovery for over a decade.

It is also the policy of the state that:

> Species or subspecies of wildlife indigenous to this state that may be found to be endangered within the state should be protected in order to maintain and, to the extent possible, enhance their numbers.

§87-5-103(2)(b), MCA. The term "wildlife" includes fish. §87-5-102(9), MCA. The State of Montana, through its Department of Fish, Wildlife and Parks and its Fish and Wildlife Commission, has specific statutory mandates for the supervision, management, and regulation of all species of fish and fish habitat and endangered species of the state. §§ 87-1-201 and 87-1-301, MCA. FWP must manage listed species, sensitive species or a species that is a potential candidate for listing under §87-5-107, MCA (pursuant to Montana's Nongame and Endangered Species Act) or under the federal Endangered Species Act §15 U.S.C. 1531 *et.seq*, in a manner that assists in the maintenance or recovery of those species. §87-1-201(9)(a)(ii).

The pallid sturgeon was listed as an endangered species in 1990. 55 FR 36641-36647. Since the species was listed, FWP has been actively engaged in documenting pallid sturgeon presence, abundance and population size in the Yellowstone and Missouri Rivers. FWP is a member of the Upper Basin Pallid Sturgeon Workgroup. The Upper Basin Workgroup is comprised of biologists and managers with expertise in pallid sturgeon recovery issues, representing 11 different state and federal natural resource management agencies within the States of Montana, North Dakota, and South Dakota. BOR 288. Participants meet annually to work cooperatively to preserve and restore pallid sturgeon in the upper basin.

Both the DNRC and FWP are members of the Cooperating Agency Team established by the USACE and BOR to facilitate communication, cooperation, and evaluation of alternative plans of action related to pallid sturgeon recovery and the Intake Dam. BOR 2180-2183. In this capacity, DNRC and FWP have provided information and technical review within each agency's specialized expertise and jurisdiction related to the proposed alternatives for pallid sturgeon recovery that rely upon taking action at Intake Dam.

DNRC and FWP staff also represent the State in the Missouri River Recovery Implementation Committee (MRRIC), which was created by the Water Resources Development Act of 2007 in part to evaluate and make

recommendations regarding effectiveness of habitat restoration along with development of an Adaptive Management Plan to assess the continued effectiveness of USACE actions being taken pursuant to the 2003 Amended Biological Opinion. Public Law 110-114, Sec. 5018(3), 121 Stat. 1041 (November 8, 2007). The geographic scope of this evaluation includes the Missouri River main-stem from Fort Peck Reservoir to the confluence of the Mississippi River and the Yellowstone River from Intake Dam to the confluence with the Missouri River.

Over the past three decades the State, primarily through DNRC and FWP, has engaged in litigation related to Montana's interests in management of Missouri River water and fishery resources. See South Dakota, et. al v. Hazen, et. al, 914 F.2d 147 (1990)(Montana and other states sought injunctive relief to require USACE to reduce releases from Oahe to protect the fishery); South Dakota, et. al. v. Bornhoft, et. al, CV 91-26-BLG-JDS (D.Mont. *filed* February 4, 1991)(Montana and other states challenged USACE operations of Missouri River dams alleging USACE improperly assigned downstream uses higher priority that recreation, fish and wildlife); Montana v. Ubbelohde, CV 02-70 BLG-RFC (D.Mont. *filed* May 13, 2002)(injunction sought against the USACE operations of the Missouri River main-stem system of dams). Similar to past litigation, this case is of interest to the State because it has the potential to impact water and fishery resource management activities and responsibilities in the Missouri and Yellowstone River basins.

As illustrated above, the State has a long-term interest in the management of the Missouri and Yellowstone River basins. The also has an interest in and supports the Bypass Channel Alternative as a viable means to secure water for beneficial use and provide effective fish passage for pallid sturgeon contingent upon the USACE and BOR's continued commitment to the success of the project in achieving these goals.

## II. AN AMICUS BRIEF IS DESIRABLE AND RELEVANT

The State's amicus brief will provide perspective of the Bypass Channel Alternative based upon the State's unique obligations to its citizens and decades of involvement and coordination of water and fishery resource management in the Missouri and Yellowstone River basins. The State's perspective on the issue of a preliminary injunction would be a valuable tool for the considered analysis that must be undertaken by this Court in determining whether a preliminary injunction should be granted in this matter.

## III. THE PARTIES TO THIS LITIGATION CANNOT ADEQUATELY ADDRESS THE STATE'S INTEREST

The State's exclusive state-based interests and responsibilities regarding management of Montana's water and fishery resources for the benefit of Montana citizens is not adequately represented by the Federal Defendants, whose interests and responsibilities arise under federal law and policy and may not align with the

State's interests in all regards. The State's interests are also broader than those represented by the Defendant-Intervenors.

## IV. TIMING OF THE AMICUS BRIEF

The State represents that it will comply with the filing deadline set for the Federal Defendants' Response to the Plaintiffs' motion for preliminary injunction and file an Amicus Brief on or before July 21, 2015.

## V. CONCLUSION

For the reasons stated above and with its desire to provide views on whether a preliminary injunction should grant as a friend of the court, the State of Montana, by and through the DNRC, FWP and the Office of the Attorney General, respectfully requests that this Court grant the *State of Montana's Unopposed Motion for Leave to File an Amicus Brief* in this matter.

DATED this 2nd day of July 2015.

Brian Bramblett, Special Assistant Attorney General
Montana Department of Natural Resources
And Conservation

Bill Schenk, Special Assistant Attorney General
Montana Department of Fish, Wildlife and Parks

Dale Schowengerdt, Solicitor General
Office of the Attorney General

*Attorneys for Proposed Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I certify that this brief proportionally spaced in typeface of 14 points and contains 1,672 words, exclusive of caption and certificates of service and compliance.

Brian Bramblett, Special Assistant Attorney General
Montana Department of Natural Resources And Conservation

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following counsel of record via first class U.S. mail on this 2nd day of July, 2015:

McCrystie Adams
James Jay Tutchton
Defenders of Wildlife
535 16th Street, Suite 310
Denver, CO 80202

Michelle Uberuaga
Law Office of
Michelle Uberuaga Z., PLLC
P.O. Box 711
Livingston, MT 59047

*Attorneys for Plaintiffs*

Mark L. Stermitz
Victoria A. Marquis
CROWLEY FLECK PLLP
305 South 4th Street East, Ste. 100
Missoula, MT 59801-2701

*Attorneys for Defendant-Intervenors*

John C. Cruden, Assistant Attorney General
Coby Howell, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
1000 S.W. Third Avenue
Portland, OR 97204

Kristofor R. Swanson
U.S. Department of Justice
Environmental Enforcement
P.O. Box 7611
Ben Franklin Station
Washington, DC 20033-7611

*Attorneys for Federal Defendants*

Brian Bramblett, Special Assistant Attorney General
Montana Department of Natural Resources And Conservation