McCrystie Adams (CO Bar # 34121)
*Admitted Pro Hac Vice*
Defenders of Wildlife
535 16th Street, Suite 310
Denver, CO 80202
(720) 943-0459
madams@defenders.org

William S. Eubanks II (CO Bar #49410)
*Admitted Pro Hac Vice*
Meyer Glitzenstein & Eubanks LLP
2601 S. Lemay Avenue
Unit 7-240
Fort Collins, CO 80525
(970) 703-6060
beubanks@meyerglitz.com

Michelle Uberuaga (MT Bar #11611)
Law Office of Michelle Uberuaga Z., PLLC
P.O. Box 711
Livingston, MT 59047
(406) 223-4714
michelle.uberuaga@gmail.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE; and NATURAL RESOURCES DEFENSE COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS; UNITED STATES BUREAU | CV-15-14-GF-BMM <br><br> **PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE AN OVER-LENGTH BRIEF IN SUPPORT OF THEIR PRELIMINARY INJUNCTION MOTION ON CLAIMS 11-14** |

|  |  |
|---|---|
| OF RECLAMATION; and UNITED STATES FISH AND WILDLIFE SERVICE, | ) ) ) |
| Defendants, | ) ) ) ) ) |
| and | ) ) |
| LOWER YELLOWSTONE IRRIGATION PROJECT BOARD OF CONTROL, SAVAGE IRRIGATION DISTRICT, and INTAKE IRRIGATION DISTRICT, | ) ) ) ) ) |
| Defendant-Intervenors. | ) |

Pursuant to L.R. 7.1(a), Plaintiffs move the Court for leave to file an opening brief in support of their forthcoming motion for a preliminary injunction on Claims 11-14 in excess of the 6,500 word limit provided in L.R. 7.1(d)(2)(A). Plaintiffs respectfully request to file a brief in support of their preliminary injunction motion of no more than 12,000 words. As set forth below, given the complex factual and legal framework in this case and the important issues at stake for pallid sturgeon survival and recovery, Plaintiffs believe this word limit enlargement is necessary and appropriate to fully brief the myriad issues before the Court.

Plaintiffs' counsel have conferred with Defendants' counsel pursuant to L.R. 7.1(c)(1) and are authorized to state that the Defendant-Intervenors do not oppose the relief requested in this motion. Federal Defendants requested that Plaintiffs represent their position as follows: "Federal Defendants take no position on

1

Plaintiffs' motion for enlargement in light of the substantial briefing that has already occurred in this case. However, to the extent the Court grants Plaintiffs' motion for enlargement, Federal Defendants respectfully request an equal number of words for their opposition brief."

In support of this motion, Plaintiffs state the following:

1. No later than tomorrow, Plaintiffs will file a motion respectfully requesting that the Court issue a preliminary injunction as soon as practicable but, in any event, by July 1, 2017, prohibiting Federal Defendants from constructing a new concrete dam and bypass channel across the Yellowstone River pending a final judgment in this case. This motion was contemplated by the Court in its April 19, 2017 order dissolving the prior injunction, in which it noted that "Federal Defendants should consider at this stage of the proceedings the potential risk of a future preliminary injunction pursuant to these claims." Doc. 118 at 16; see also id. (Plaintiffs' "new Complaint will require the Court to address potentially meritorious claims under the Clean Water Act, the [Endangered Species Act], and [National Environmental Policy Act]"). Because of the time-sensitive nature of Plaintiffs' preliminary injunction motion—and in order to preserve the Court's ability to timely resolve that motion before irreparable harm to Plaintiffs' interests has occurred—Plaintiffs intend to file an over-length brief in support of their preliminary injunction motion. Plaintiffs recognize that the Court may not have

had an opportunity at that juncture to rule on this motion, but believe that the value in preserving as much time as possible for the parties to brief the issues in the preliminary injunction motion and for the Court to resolve the motion prior to July 1, 2017 merits filing the preliminary injunction motion immediately.

2.  As the Court knows, this case involves a complex factual, legal, and procedural history, including decades of actions by the U.S. Bureau of Reclamation and the U.S. Army Corps of Engineers in operating the Intake Dam on the Lower Yellowstone River and Fort Peck Dam on the Upper Missouri River. In addition, Federal Defendants have recently conducted two separate decisionmaking processes under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370m, and the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, including the 2016 decisionmaking process precipitated by this Court's issuance of a preliminary injunction against the Intake Project in 2015.  See Doc. 73.  Because Federal Defendants have now conducted certain analyses that the Court found the Agencies completely overlooked in their 2015 decisionmaking process, compare Doc. 118 at 14, with Doc. 73 at 7-15, Plaintiffs' new preliminary injunction motion will include legal claims, statutory and regulatory provisions, and facts that have never before been briefed in this litigation.  Presentation of these new issues will require significant legal and factual discussion relevant to each alleged legal

3

violation to ensure that the Court has an adequate foundation for ruling on these matters.

3.  In addition to briefing the likelihood of success on the merits of Plaintiffs' claims, the posture of Plaintiffs' preliminary injunction motion also requires Plaintiffs to brief the other prongs necessary to demonstrate that a preliminary injunction is appropriate under the circumstances, including the existence of irreparable harm, the balance of the equities, and the public interest factors favoring an injunction.

4.  As a basis for comparison, Plaintiffs' combined preliminary injunction opening briefs in 2015 raising claims against the Intake Project under the same federal environmental laws at issue in Plaintiffs' new motion had a collective word limit of 14,500 words—i.e., 2,500 more words than Plaintiffs seek for their new preliminary injunction motion.  See Doc. 28 (NEPA injunction brief stating that "[t]he Court has granted leave to file a brief of no more than 8,000 words); Doc. 54 (ESA and CWA injunction brief of 6,491 words with 6,500 word limit).  Thus, Plaintiffs have endeavored under the circumstances to be as efficient as possible in their injunction briefing, which is evident by the significantly lower word limit sought as compared to the 2015 preliminary injunction briefing.

5.  Plaintiffs would not oppose an equivalent expansion of the word limit for Defendants' response briefs.  See L.R. 7.1(d)(2)(A).

Accordingly, Plaintiffs believe that an opening brief in support of their motion for a preliminary injunction of no more than 12,000 words is appropriate and reasonable under these circumstances and will assist the Court in understanding the complex procedural and factual posture of the Intake Project, as well as its relationship to Plaintiffs' other claims regarding the ongoing operations of the Intake Dam and Fort Peck Dam.  Thus, for good cause shown, Plaintiffs respectfully request that the Court grant this motion.

Respectfully submitted this 1st day of May,

   /s/*McCrystie Adams*
McCrystie Adams (CO Bar # 34121)
Defenders of Wildlife
535 16th Street, Suite 310
Denver, CO 80202
(720) 943-0459
madams@defenders.org

   /s/*William S. Eubanks II*
William S. Eubanks II (CO Bar #49410)
Meyer Glitzenstein & Eubanks LLP
2601 S. Lemay Avenue
Unit 7-240
Fort Collins, CO 80525
(970) 703-6060
beubanks@meyerglitz.com

   /s/*Michelle Uberuaga*
Michelle Uberuaga (MT Bar #11611)
Law Office of Michelle Uberuaga Z., PLLC
P.O. Box 711
Livingston, MT 59047

(406) 223-4714
michelle.uberuaga@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served today via the Court's CM/ECF system on all counsel of record.

   */s/ William S. Eubanks II*
William S. Eubanks II