McCrystie Adams (CO Bar # 34121)
*Admitted Pro Hac Vice*
Defenders of Wildlife
535 16th Street, Suite 310
Denver, CO 80202
(720) 943-0459
madams@defenders.org

William S. Eubanks II (CO Bar #49410)
*Admitted Pro Hac Vice*
Meyer Glitzenstein & Eubanks LLP
2601 S. Lemay Avenue
Unit 7-240
Fort Collins, CO 80525
(970) 703-6060
beubanks@meyerglitz.com

Michelle Uberuaga (MT Bar #11611)
Law Office of Michelle Uberuaga Z., PLLC
P.O. Box 711
Livingston, MT 59047
(406) 223-4714
michelle.uberuaga@gmail.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| DEFENDERS OF WILDLIFE; and NATURAL RESOURCES DEFENSE COUNCIL, | ) ) ) CV-15-14-GF-BMM |
| Plaintiffs, | ) ) **PLAINTIFFS' MOTION FOR** ) **SUMMARY JUDGMENT ON** ) **CLAIMS 1, 2, 4, 5 AND 11–14** |
| v. | ) ) |
| UNITED STATES ARMY CORPS OF ENGINEERS; UNITED STATES BUREAU | ) ) |

```
OF RECLAMATION; and UNITED STATES      )
FISH AND WILDLIFE SERVICE,             )
                                       )
              Defendants,              )
                                       )
       and                             )
                                       )
LOWER YELLOWSTONE IRRIGATION           )
PROJECT BOARD OF CONTROL,              )
SAVAGE IRRIGATION DISTRICT, and        )
INTAKE IRRIGATION DISTRICT,            )
                                       )
         Defendant-Intervenors.        )
                                       )
                                       )
```

Pursuant to Fed. R. Civ. P. 56 and this Court's Scheduling Orders, Docs. 158, 168, Plaintiffs Defenders of Wildlife and Natural Resources Defense Council (collectively, "Defenders") hereby move for summary judgment on Claims 1, 2, 4, 5, and 11–14.  See Doc. 119 (Fourth Supplemental and Amended Complaint). There are no disputed material facts and Defenders is entitled to judgment as a matter of law.[1]

The U.S. Bureau of Reclamation's (Reclamation) operation of Intake Dam on the Yellowstone River and the U.S. Army Corps of Engineers' (Corps) operation of Fort Peck Dam on the Missouri River have combined to prevent the highly endangered pallid sturgeon from reproducing, leading to the near-

---

[1]     Upon agreement of the parties, Defenders is not filing a separate statement of undisputed facts pursuant to L.R. 56.1.  Doc. 158 at ¶ 3(vii).

extirpation of this species from the Upper Missouri River Basin in Montana. The U.S. Fish and Wildlife Service (Service) estimates that fewer than 125 wild fish in this population survive, and that they are nearing the end of their lifespans.

Instead of remedying these violations and ensuring that their actions do not jeopardize the survival and recovery of the pallid sturgeon, Reclamation and the Corps propose to build the Intake Project, which will make this dire situation even worse. The Intake Project involves building a permanent concrete dam on the Yellowstone River to replace the existing rock-and-timber dam that blocks pallid sturgeon from reaching upstream spawning habitat, filling a natural side channel that has previously been used by the sturgeon to migrate around the existing dam, and constructing an artificial bypass channel.

Four claims challenge Federal Defendants' approvals of the Intake Project in violation of three federal environmental statutes. Claim 11 challenges the Corps' and Reclamation's 2016 Environmental Impact Statement and Record of Decision for violations of the National Environmental Policy Act. Claim 12 challenges the Service's 2016 Biological Opinion for violations of the ESA. Claim 13 challenges the Corps' and Reclamation's reliance on the unlawful 2016 Biological Opinion for violations of the ESA. Claim 14 challenges the Corps' 2016 unlawful Clean Water Act approval of the Project. The other four claims challenge the decades-

long operations of Fort Peck Dam by the Corps (Claims 1 and 2) and Intake Dam by Reclamation (Claims 4 and 5) in violation of the ESA.

The remaining claims from the Fourth Supplemental and Amended Complaint have been superseded by intervening events and no longer present ongoing controversies.  Claims 6–10 challenged the 2015 approvals of the Intake Project, which were superseded by Federal Defendants' new round of decision-making in 2016.  See Doc. 118 at 14–15 (dismissing Claim 6 as moot).[2]  Claim 3 challenged the Corps' and the Service's failure to complete a formal ESA section 7 consultation regarding the Corps' purported substitution of the Intake Project for the reasonable and prudent alternative in the 2003 Biological Opinion on Fort Peck Dam.  However, the Service stated in the 2016 Biological Opinion that the Corps is no longer relying on the Intake Project as a substitute for the reasonable and prudent alternative at Fort Peck Dam.  NBOR0000011.[3]  Accordingly, there is no longer an ongoing controversy regarding this claim.

---

[2]    Defenders' page citations in this Motion and accompanying Memorandum to previously-filed documents correspond to the numbers at the top of the page assigned by the district court's ECF system.

[3]    Federal Defendants have filed several administrative records in this case. The parties have agreed that two sets of administrative records are relevant to this Motion: (1) those filed on October 21, 2015 (see Doc. 78), and (2) those filed on November 22, 2017 (see Doc. 169).  See Doc. 170.

All documents with an "N" leading the Bates stamp number (NBOR, NUSACE, and NFWS) can be found in the records filed on November 22, 2017 and located by using the single index filed on that date.  The documents filed on October 21, 2015 can be located using three indices.  Documents beginning with

This Court has jurisdiction to decide the claims at issue in this Motion and grant Defenders' requested relief.  Doc. 119, ¶ 3.  Defenders relies on its previously-filed member declarations to demonstrate Article III standing in this case.  Doc. 28-3, 28-4, 28-5, 28-6, 28-7; Doc. 123-7, 123-8.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 343 (1977).  Defenders supports this Motion with the accompanying Memorandum.  Defenders respectfully requests that the Court grant this motion and the relief requested as detailed in the Memorandum.


Respectfully submitted this 21st day of December, 2017,

/s/*McCrystie Adams*
McCrystie Adams (CO Bar # 34121)
Defenders of Wildlife
535 16th Street, Suite 310
Denver, CO 80202
(720) 943-0459
madams@defenders.org

/s/*William S. Eubanks II*
William S. Eubanks II (CO Bar #49410)
Meyer Glitzenstein & Eubanks LLP
2601 S. Lemay Avenue
Unit 7-240
Fort Collins, CO 80525
(970) 703-6060
beubanks@meyerglitz.com

ACE are found in the Corps' index and files.  Those beginning with BOR- are found in Reclamation's index and files. Those beginning with FWS- are found in the Service's index and files.

4

  /s/*Michelle Uberuaga*
Michelle Uberuaga (MT Bar #11611)
Law Office of Michelle Uberuaga Z., PLLC
P.O. Box 711
Livingston, MT 59047
(406) 223-4714
michelle.uberuaga@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served today via the Court's

CM/ECF system on all counsel of record.


   */s/ McCrystie Adams*
McCrystie Adams